NOT FOR PUBLICATION IN WEST'S HAWAI'I REPORTS AND PACIFIC REPORTER

Electronically Filed
Intermediate Court of Appeals
CAAP-14-0000840
26-JUN-2015
07:58 AM

NO. CAAP-14-0000840

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

STATE OF HAWAI'I, Plaintiff-Appellee,
v.
BRANDETTE K. RAMOS-LABENIA, Defendant-Appellant

APPEAL FROM THE DISTRICT COURT OF THE FIRST CIRCUIT
(Waianae Division)
(CASE NO. 1DCW-12-000335)

MEMORANDUM OPINION
(By: Nakamura, Chief Judge, and Fujise and Leonard, JJ.)

        Defendant-Appellant Brandette K. Ramos-Labenia (Ramos-Labenia) appeals from the Judgment filed on April 29, 2014, by the District Court of the First Circuit (District Court).[1] After a bench trial, the District Court found Ramos-Labenia guilty as charged of third-degree assault based on evidence that she repeatedly punched a loss prevention agent who attempted to stop her because he suspected her of shoplifting.

        On appeal, Ramos-Labenia, who testified at trial, contends that: (1) the District Court's colloquy pursuant to Tachibana v. State, 79 Hawai'i 226, 900 P.2d 1293 (1995) was defective; and (2) her trial counsel provided ineffective assistance. We affirm.

_____

        [1] The Honorable Paul B.K. Wong presided.

DISCUSSION

We resolve Ramos-Labenia's arguments on appeal as follows.

I.

A.

Ramos-Labenia contends that the District Court committed plain error in failing to ensure that she validly waived her right to remain silent at trial. In support of her argument, Ramos-Labenia cites a portion of the District Court's Tachibana colloquy, in which it stated that "If you decided to not testify, then I'll consider your decision as part of the evidence." Ramos-Labenia argues that because the Circuit Court misadvised her that it would consider her decision not to testify as part of the evidence, her decision to testify and waive her privilege against self-incrimination was invalid.

Plaintiff-Appellee State of Hawai'i (State) argues that when viewed in context, it is clear that the District Court merely misspoke in the portion of the Tachibana advisement cited by Ramos-Labenia and that when the record is viewed as a whole, the District Court properly advised Ramos-Labenia that a decision not to testify would not be used against her. We agree with the State.

Before the start of the trial, the District Court engaged in the following colloquy with Ramos-Labenia:

> Ms. Ramos-Labenia, we're starting your trial. At this trial you have the right to testify if you want to. If you want to testify, nobody can stop you from doing so. It is your right. If you choose to testify, you will do so up here on the stand. You will take an oath to tell the truth. You would answer all the questions put to you. That includes the questions from the prosecutor. So unless I sustain the objection, you will have to answer the questions of the prosecutor. If you choose to not testify, you don't have to testify. You have the right to remain silent. You can do so as well.
>
> If you choose to remain silent, the Court doesn't think that you're hiding anything. The Court doesn't consider your silence at all. You understand that?
>
> THE DEFENDANT: Yes.

> THE COURT: You don't have to make a decision at this point in time. Later on in the trial, we'll probably have this conversation again, and at that point in time you will have to let me know if you decide to testify or remain silent.
>
> Do you have any questions?
>
> THE DEFENDANT: No.
>
> THE COURT: Okay. Thank you, Ms. Ramos-Labenia. You can have a seat.

(Emphasis added.)

After the State rested its case in chief, the District Court denied Ramos-Labenia's motion for judgment of acquittal. When trial resumed, defense counsel informed the District Court that Ramos-Labenia would be called as the first witness, and the District Court engaged Ramos-Labenia in a second colloquy:

> THE COURT: . . . . Counsel, I believe the last time we were here in court, the State had already rested its case. Defendant did move for judgment of acquittal. It was denied. So it's defendant's opportunity to present evidence, if she chooses to do so.
>
> [Defense counsel]: Yes, Your Honor. Just may I have one moment? All right. Yes. We'd be calling Ms. Ramos-Labenia to testify.
>
> THE COURT: Before she goes up -- Ms. Ramos-Labenia.
>
> THE DEFENDANT: Yes.
>
> THE COURT: When we started this trial way back when, I informed you that you have the right to testify if you want to. And if you decided to testify, nobody can stop you from doing so. That's your decision to make.
>
> If you do testify, you see how this goes; right? You'll take an oath to tell the truth. Your attorney gets to ask you questions first. After he's done, the prosecutor gets to ask you questions. Unless I sustain an objection, you have to answer the prosecutor's questions as well.
>
> THE DEFENDANT: Okay.
>
> THE COURT: You also have the right to remain silent. So if you don't want to testify, you don't have to. You can just remain silent. If you decided to not testify, then I'll consider your decision as part of the evidence. So I don't think like, oh, she's holding something back or she's hiding something. I don't consider it at all.
>
> Do you have any questions about your right to testify or your right to remain silent? Do you have any questions about your rights?

> THE DEFENDANT: No.
>
> THE COURT: Have you talked with [defense counsel] about your decision?
>
> THE DEFENDANT: Yes, I did.
>
> THE COURT: And did you have -- do you feel like you've had enough time to talk with him?
>
> THE DEFENDANT: Yeah.
>
> THE COURT: And what is your decision?
>
> THE DEFENDANT: I want -- I want to testify.
>
> THE COURT: Okay. Then come up to the stand.

(Emphasis added).

### B.

The District Court incorrectly stated that "If you decided to not testify, then I'll consider your decision as part of the evidence."[2] However, based on our review of the record as a whole, it was obvious that the District Court simply misspoke when it made that statement and did not mean what it had said. Considering the entirety of both colloquies as quoted above, we conclude that Ramos-Labenia was not misled by the District Court's misstatement and understood that if she decided not to testify, that decision would not be considered against her.

As the record shows, prior to trial, Ramos-Labenia was correctly advised that the District Court would not use her exercise of the right to remain silent against her. After advising Ramos-Labenia that she had the right to remain silent and did not have to testify, the District Court advised her: "If you choose to remain silent, the Court doesn't think that you're hiding anything. The Court doesn't consider your silence at all. You understand that?" Ramos-Labenia acknowledged her understanding of the District Court's explanation.

---

[2] The State did not attempt to correct the record pursuant to Hawai'i Rules of Appellate Procedure Rule 10(e) (2012), and we assume the transcript accurately reflects what the District Court said.

In addition, the District Court's misstatement in the second colloquy was immediately followed by the statement: "So I don't think like, oh, she's holding something back [if Ramos-Labenia decided to not testify] or she's hiding something. I don't consider it at all." Thus, the District Court immediately corrected its misstatement by informing Ramos-Labenia that the exercise of her right to remain silent and not testify would have no effect on the District Court's consideration of her case. When asked if she had any questions about her right to testify or right to remain silent, Ramos-Labenia replied that she had no questions about her rights. She also acknowledged that she had discussed her decision on whether to testify with her counsel and felt that she had enough time to talk to counsel. Under these circumstances, we conclude that the District Court's misstatement, when viewed in context, did not render the District Court's advisement of rights misleading and did not invalidate Ramos-Labenia's waiver of her right to remain silent.

C.

Our conclusion is supported by the Hawaiʻi Supreme Court's decision in State v. Lewis, 94 Hawaiʻi 292, 12 P.3d 1233 (2000). In Lewis, the trial judge failed to give Lewis the start-of-trial advisement set out in footnote 9 of the Tachibana decision[3] or engage in the "ultimate colloquy" described in footnote 7 of Tachibana.[4] Lewis, 94 Hawaiʻi at 293-94, 12 P.3d at 1234-35. The supreme court held that "Tachibana does not require the 'colloquy' described in footnote 7 in the situation where a defendant has decided to testify[,]" and it therefore rejected Lewis's argument that the trial court erred in failing to engage in that colloquy. Id. at 294, 12 P.3d at 1235.

The supreme court explained that the purpose of imposing the colloquy requirement in Tachibana was to protect a

---

[3] Tachibana, 79 Hawaiʻi at 237 n.9, 900 P.2d at 1304 n.9.

[4] Tachibana, 79 Hawaiʻi at 236 n.7, 900 P.2d 1303 n.7.

defendant's personal right to testify; the purpose of the colloquy requirement was not to protect a defendant's right to remain silent by not testifying at trial. Accordingly, the Tachibana colloquy is only required when the defendant does not testify. Id. at 295, 12 P.3d at 1236. The supreme court stated:

> [T]he Tachibana colloquy was the product of two objectives: (1) the protection of a defendant's personal right to testify; and (2) the minimization of post-conviction disputes over the actual waiver of the right to testify. Where, as here, the Petitioner has exercised his right to testify, neither one of the Tachibana concerns arises. By testifying, Petitioner realized his constitutional and statutory right to testify in his own defense. When he did so, the question of whether he waived the right was removed from any future post-conviction proceeding.
>
> In light of the foregoing considerations, the colloquy requirement to "advise a defendant that he or she has a right not to testify" does not impose an affirmative duty on the trial courts in all cases to engage the defendant in the colloquy. In Tachibana, the colloquy was adopted "in order to protect the *right to testify*," and the trial courts were instructed to "advise criminal defendants of their right *to testify*," and to "obtain a waiver of that right *in every case in which the defendant does not testify*." Hence, the colloquy is required only in cases "in which the defendant does not testify."

Id. (brackets, ellipsis points, and citations omitted).

The supreme court also explained why it saw no reason to impose a Tachibana colloquy requirement where the defendant decides to testify:

> We see no reason to adopt a collateral Tachibana colloquy for instances where a defendant chooses to testify. It has been suggested that while the procedural safeguard of a waiver proceeding is required where a defendant does not testify, a similar proceeding is unnecessary if a defendant chooses to testify because of the likelihood that (1) the defendant has received "one or more such advisements from law enforcement officials during the course of a criminal investigation," (2) defense counsel would not "allow a defendant to take the stand without a full explanation of the right to remain silent and the possible consequences of waiving that right," and (3) any defendant who testifies would expect to be cross-examined.
>
> We concur that when a defendant takes the stand to present his or her own defense, the probability is great that the defendant and his or her counsel will have discussed the advantages and risks of testifying, the nature of the defense(s) to be presented during the defendant's testimony, and the subjects upon which the defendant will likely be challenged on cross-examination. Such a discussion must necessarily bring home to a defendant that,

6

by taking the stand, he or she will have waived his or her right not to testify. In light of this greater probability, there is "less need for intervention by the trial court and an on-the-record advisement concerning these matters before the defendant testifies."

In view of the foregoing, we hold that <u>Tachibana</u> does not require that the court engage in the colloquy if the defendant chooses to testify in his or her own behalf.

<u>Id.</u> at 296, 12 P.3d at 1237 (emphases added; brackets, citations, and footnotes omitted).

Here, Ramos-Labenia specifically acknowledged that she had discussed her decision on whether to testify with her counsel and had sufficient time to engage in such discussion. The record also indicates that Ramos-Labenia had decided to testify before the District Court's misstatement. These ·circumstances reinforce our view that the District Court's misstatement did not mislead Ramos-Labenia or affect her decision to testify.

II.

Ramos-Labenia contends that her trial counsel provided ineffective assistance by failing to object to the District Court's misstatement and by failing to call her "male friend" who was witness to the charged incident. To prevail on a claim of ineffective assistance of counsel, a defendant bears the burden of establishing: "1) that there were specific errors or omissions reflecting counsel's lack of skill, judgment, or diligence; and 2) that such errors or omissions resulted in either the withdrawal or substantial impairment of a potentially meritorious defense." <u>State v. Richie</u>, 88 Hawai'i 19, 39, 960 P.2d 1227, 1247 (1998) (block quote format and citation omitted). Ramos-Labenia has failed to meet her burden.

Based on our conclusion that Ramos-Labenia was not misled by the District Court's misstatement, we reject Ramos-Labenia's contention that her trial counsel's failure to object to the misstatement constituted ineffective assistance. With respect to Ramos-Labenia's claim that her trial counsel's failure to call her male friend as a witness constituted ineffective

7

assistance, Ramos-Labenia has not supported this claim "by affidavits or sworn statements describing the testimony of the proffered witness[]."  Id.  Accordingly, she has not satisfied her burden of establishing ineffective assistance of counsel with respect to this failure-to-call-witness claim.  Id.

CONCLUSION

For the foregoing reasons, we affirm the District Court's Judgment.

DATED: Honolulu, Hawai'i, June 26, 2015.

On the briefs:

Tae Won Kim
for Defendant-Appellant

Stephen K. Tsushima
Deputy Prosecuting Attorney
City and County of Honolulu
for Plaintiff-Appellee

Craig H. Nakamura
Chief Judge

Associate Judge

Associate Judge